IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JORGE LUIS SALAZAR III AND LAURA AZUCENA SAUCEDO, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Cause No: 3:19-cv-00293 |
| NICHOLAS JAMES HYSJULIEN, | § § § | |
| Defendant. | § | |

## DEFENDANT NICHOLAS JAMES HYSJULIEN NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to sections 1332, 1441, and 1446, Title 28 of the United States Code, Defendant Nicholas James Hysjulien ("Mr. Hysjulien") respectfully files this Notice of Removal, removing cause number 2019DCV2898 from the County Court at Law 6 of El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division as follows:

## I. PROCEDURAL HISTORY

1.    On August 5, 2019, Plaintiffs Jorge Luis Salazar III and Laura Azucena Saucedo ("Plaintiffs") filed their Original Petition in the County Court at Law 6 of El Paso County, Texas under cause number 2019DCV2898 based on a motor vehicle accident which occurred on April 28, 2019, in El Paso County, Texas between Plaintiffs and Mr. Hysjulien.

2.    Plaintiffs allege Mr. Hysjulien negligently caused an automobile accident with Plaintiffs. Ex. A, State Ct. R., Pls. Original Pet. at ¶ 5.

3.    Plaintiffs allege they are residents of El Paso County, Texas.  *Id*. at ¶ 2. Based on information from Plaintiffs' petition, Plaintiffs are residents of El Paso, Texas and citizens of the

1

State of Texas. *Id*. Based on this information, Plaintiffs were citizens of the State of Texas at the time the state court action commenced.

4.    Mr. Hysjulien is a resident of the State of Minnesota. *Id*. at ¶ 3. Mr. Hysjulien is temporarily stationed at Fort Bliss in the State of Texas due to his active military assignment. Ex. B, Def. Hysjulien Aff. Mr. Hysjulien is domiciled in Minnesota, considers Minnesota his true, fixed home, and has no intention of remaining in Texas. *Id*. Mr. Hysjulien is not a citizen of the State of Texas and was not a citizen of Texas when the State Court Action commenced. Based on this information, Mr. Hysjulien is a citizen of the State of Minnesota and was a citizen of the State of Minnesota at the time the state court action commenced.

5.    Plaintiffs seek damages in excess of $200,000.00 for past and future physical pain and suffering and mental anguish; past and future physical impairment and disfigurement; past and future medical expenses; lost wages and earning capacity; and other damages. Ex. A, State Ct. R., Pls. Original Pet. at ¶ 10.

6.    Mr. Hysjulien timely removes this case to federal court.

## II.  <u>GROUNDS FOR REMOVAL</u>

7.    Subject matter jurisdiction exists in this case pursuant to section 1332, and therefore, removal of this case to federal court is proper because the amount in controversy is in excess of $75,000.00 and diversity exists among the parties.

### *A.    The Amount in Controversy Is in Excess of $75,000.*

8.    Pursuant to section 1332, the amount in controversy must exceed the sum or value of $75,000.00.  28 U.S.C. § 1332(a).

9.    Plaintiffs seek damages in excess of $200,000.00, which exceeds $75,000.00. Ex. A, State Ct. R., Pls. Original Pet. at ¶ 9. Therefore, the amount in controversy is satisfied.

**B.  Total Diversity Exists Among the Parties.**

10.    Diversity of citizenship is assessed at the time the action is filed.  *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

11.    The citizenship of an individual is based on the individual's domicile.  *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996).

12.    Total diversity of citizenship exists because Plaintiffs' citizenship is diverse from the citizenship of Mr. Hysjulien in that (1) Plaintiffs are citizens of the State of Texas; and (2) Mr. Hysjulien is a citizen of the State of Minnesota. Thus, complete diversity exists among the parties.

**III**.  <u>**PROPER VENUE AND COMPLIANCE WITH THE REMOVAL PROCEDURE**</u>

13.    Pursuant to section 1441(a), removal to this Court is proper as the accident occurred in El Paso County, Texas.  *See* 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . .").

14.    Removal of this matter to federal court is timely, as Mr. Hysjulien has removed this matter within thirty (30) days after service of process was perfected on him on September 10, 2019, *see* 28 U.S.C. § 1446(b), and within one year of the commencement of this action. *See id.* § 1446(c)(1).

15.    Mr. Hysjulien will properly give Plaintiffs written notice of the filing of this Notice of Removal as required by section 1446(d).  Mr. Hysjulien will also promptly file a copy of this Notice of Removal with the District Clerk of the County Court at Law 6 of El Paso County, Texas under cause number 2019DCV2898.

16.    True and correct copies of all process, pleadings, and the Orders served in the State court action are being filed with this Notice of Removal, as required by section 1446(a).

## IV. <u>PRAYER</u>

Accordingly, Nicholas James Hysjulien, pursuant to and in conformity with the requirements set forth in section 1446, respectfully removes cause number 2019DCV2898 from the County Court at Law 6 of El Paso County, Texas to the United States District Court for the Western District of Texas, El Paso Division.

Respectfully submitted,

RINCON LAW GROUP, P.C.
1014 N. Mesa, Suite 200
El Paso, Texas 79902
(915) 532-6800 (Telephone)
(915) 532-6808 (Facsimile)

By: _/s/ Cindy M. Vazquez_____
CARLOS RINCON,
TX State Bar No. 16932700
CRincon@rinconlawgroup.com
OSCAR A. LARA
TX State Bar No. 24078827
OLara@rinconlawgroup.com
Cindy M. Vazquez
TX State Bar No. 24100497
cvazquez@rinconlawgroup.com

Attorneys for Nicholas James Hysjulien

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing document was served on all parties via the ECF filing system to all counsel of record on this 9th day of October, 2019.


_/s/ Cindy M. Vazquez_____
CINDY M. VAZQUEZ


## CONSENT TO ELECTRONIC SERVICE

Attorneys of record for Nicholas James Hysjulien consent to service by electronic means pursuant to Federal Rule of Civil Procedure 5(b)(1)(E).